UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

HARRY NATHAN,

        Plaintiff,         Case No. 1:10-cv-587

v.         Honorable Robert J. Jonker

RACHEL WATTERBERRY JOHNSON
et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff Harry Nathan presently is incarcerated at the Newberry Correctional Facility. He sues his parole officer, Shannan Sorensen, and Michigan Department of Corrections (MDOC) personnel Martin Palus and Rachel Watterberry Johnson for violating his Eighth and Fourteenth Amendment rights.

In his *pro se* complaint, Plaintiff challenges his parole revocation. Plaintiff alleges that parole officer Sorenson submitted a false police report against Plaintiff to revoke his parole. On September 15, 2008, Plaintiff was arrested by the Grand Rapids Police Department for receiving and concealing stolen property and driving with a suspended license. After his arrest, Plaintiff was held in Kent County Jail on a parole detainer because the state charges were ultimately dismissed. On September 19, parole agent Sorenson visited Plaintiff and reviewed his parole violation charges. Those charges included "driving a stolen motor vehicle while unlicensed" and "being in the company of a firearm." (Compl., Page ID #2, docket #1.) At that time, Sorenson told Plaintiff that he was going to be sent to Charles Egeler Reception and Guidance Center (RGC) for a parole revocation hearing even though Plaintiff argued that he was supposed to be released due to his false arrest.

On October 1, the MDOC transferred Plaintiff to RGC. At his arraignment for the parole violation charges, Plaintiff received Sorenson's parole violation report. In the parole violation report, Sorenson stated that the charges against Plaintiff were dismissed because Plaintiff was stopped in East Grand Rapids by the Grand Rapids Police Department. Plaintiff argues that the charges were actually dismissed because of the false police report submitted by Sorenson.

On October 31, the MDOC held Plaintiff's parole revocation hearing. At the hearing, the "false" police report was entered into evidence. (Compl., Page ID #3, docket #1.) The hearing, however, was adjourned to January 15, 2009, so Plaintiff could contact a witness. On January 15, 2009, Defendants Palus and Johnson found Plaintiff guilty of violating his parole. Plaintiff claims that Defendants Palus and Johnson found him guilty due to the false police report.

Plaintiff argues that Defendant Sorenson violated his Eighth and Fourteenth Amendment rights by preparing a false police report against Plaintiff. Plaintiff also alleges that Defendants Palus and Johnson violated his Eighth and Fourteenth Amendment rights by relying a the false police report at the parole revocation hearing.[1] Finally, Plaintiff claims Defendants Sorenson, Palus and Johnson were negligent.

For relief, Plaintiff seeks a declaratory judgment. Plaintiff also requests injunctive relief in the form of a new parole revocation hearing, to be re-paroled and to expunge all documents related to his parole violation charges. Plaintiff further seeks compensatory and punitive damages.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

---

[1] For his Eighth Amendment claim, Plaintiff alleges that Defendant Sorenson violated his Eighth Amendment rights by falsifying the police report and Defendants Palus and Johnson violated his Eighth Amendment rights at his parole revocation hearing. Because Plaintiff's claims generally concern his parole revocation hearing, it appears that Plaintiff's Eighth Amendment claim is based on an argument that his parole revocation amounts to cruel and unusual punishment.

1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Parole Revocation

Plaintiff alleges that Defendants violated his due process and Eighth Amendment rights by relying on a false police report at his parole revocation hearing. The Supreme Court has recognized a parolee's due process right to adequate procedures leading up to the revocation of parole. *See Morrissey v. Brewer*, 408 U.S. 471, 481, 489 (1972). A civil rights action, however, is

an inappropriate vehicle by which to challenge revocation of parole. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that when a state prisoner is challenging the very fact or duration of his physical imprisonment, his sole federal remedy is by writ of habeas corpus. 411 U.S. at 500. Despite the literal breadth of § 1983, habeas corpus is the "exclusive remedy" for attacking the validity of state confinement. 411 U.S. at 489. Otherwise, the Court reasoned, Congress's carefully crafted habeas structure, requiring exhaustion of state remedies by state prisoners, would be undermined by permitting state prisoners to invoke civil rights jurisdiction, which does not require exhaustion. Inasmuch as Congress had amended the habeas statute in 1948 to require exhaustion of state remedies, the *Preiser* Court concluded that it "would wholly frustrate explicit congressional intent to hold that the [challengers] could evade this requirement by the simple expedient of putting a different label on their pleadings." *Id.* at 489-90.

The *Preiser* Court dealt with a civil rights action seeking a restoration of state good-time credits. However, the courts have applied its reasoning to invalidate any civil rights action that directly or by implication challenges the fact or duration of confinement. Subsequently, the Supreme Court applied the *Preiser* doctrine to preclude a civil rights action for damages alleging malicious prosecution, even though the complaint did not explicitly seek release from custody. *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the holding in *Heck*, any civil rights action calling into question the lawfulness of confinement must be preceded by a judicial finding, on direct review or in a separate habeas corpus action, that the conviction or confinement was unconstitutional. 512 U.S. at 486-87; *see also*, *Edwards v. Balisok*, 117 S. Ct. 1584 (1997) (holding that a claim for declaratory relief and monetary damages based on allegations that unconstitutional procedures had been followed resulting in a loss of good-time credits was not cognizable under section 1983, as the

prisoner's allegations necessarily implied the invalidity of the punishment). The federal courts unanimously hold that a state prisoner's attack on a decision to revoke parole must be brought by habeas corpus action, after exhaustion of state remedies. *See Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 288 (6th Cir. 2003); *Miskowski v. Martin*, 57 F. App'x 246, 248 (6th Cir. 2003); *White v. Gittens*, 121 F.3d 803, 806 (1st Cir. 1997); *Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991); *Hopkins v. Kerns*, No. 89-1962, 1990 WL 40076 (6th Cir. Apr. 9, 1990); *Thomas v. Torres*, 717 F.2d 248 (5th Cir. 1983); *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978).

The present case falls squarely within the *Heck* bar, as Plaintiff expressly challenges the revocation of his parole. Such claims must be pursued by writ of habeas corpus. *Norwood*, 67 F. App'x at 287-88. To the extent Plaintiff alleges an Eighth Amendment violation arising from the revocation of his parole, Plaintiff's claim is also properly brought by a habeas corpus action. Plaintiff's complaint in this regard must therefore be dismissed for failure to state a claim upon which relief can be granted.

### B. State Law

Plaintiff argues that Defendants were negligent in regards to his parole revocation hearing. To the extent that Plaintiff's complaint presents a state-law tort claim, this Court declines to exercise jurisdiction. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and where all federal claims are dismissed prior to trial, the court ordinarily should dismiss the state-law claim without reaching its merits. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of*

*N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)). This claim will be dismissed without prejudice.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:    September 8, 2010              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE